**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1665
_____

ALFREDO MESTRE, JR.,

                                                          Appellant

v.

WARDEN GEORGE A. WAGNER
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 5:11-cv-02480)
District Judge:  Honorable Timothy J. Savage
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 18, 2012

Before:  AMBRO, HARDIMAN and ROTH, Circuit Judges

(Opinion filed: November 8, 2012)
_____

OPINION
_____

PER CURIAM

        Alfredo Mestre, Jr., a Pennsylvania state prisoner proceeding pro se, appeals from

the District Court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C.

§ 1983.  For the reasons that follow, we will affirm.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we discuss that background only briefly here. In April 2011, Mestre filed a pro se complaint in the District Court against George Wagner, Warden of the Berks County Jail System ("BCJS"). The complaint, which sought injunctive relief and damages, took issue with Mestre's conditions of confinement while housed in the BCJS. Specifically, Mestre alleged that, after he attempted suicide in December 2010, he was placed on a Nutriloaf-only diet for 40 days, and his mattress was removed from his cell between the hours of 6 a.m. and 9 p.m. for a 14-day period.

In June 2011, Wagner moved to dismiss the complaint for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). On February 1, 2012, the District Court entered an order granting that motion and dismissing the complaint. As an initial matter, the court noted that, because Mestre had been transferred out of the BCJS — he was now incarcerated at the State Correctional Institution at Camp Hill — his request for injunctive relief was moot. As for his request for damages, the court noted that it was unclear whether he was a pretrial detainee or a convicted prisoner when the alleged events took place. Because the Fourteenth Amendment would govern his claims if he were a pretrial detainee, see Hubbard v. Taylor, 538 F.3d 229, 231 (3d Cir. 2008), and the Eighth Amendment would govern his claims if he were a convicted prisoner, see Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005) [hereinafter Hubbard I], the court analyzed his claims under both constitutional provisions. The court concluded that, under

2

either provision, his claims failed on the merits, and that amendment of his complaint would be futile.

Mestre now seeks review of the District Court's decision.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. "We exercise plenary review over a district court's grant of a motion to dismiss pursuant to Rule 12(b)(6)." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). In conducting this review, "we must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Id. (internal quotation marks and citation omitted).

As noted above, the District Court analyzed Mestre's claims under both the Eighth and Fourteenth Amendments because it was unclear whether he was a convicted prisoner or a pretrial detainee during the relevant time period. It is now clear that, "at all relevant times to Mestre's Complaint, he was a pretrial detainee." (Wagner's Br. 9 n.2.) Accordingly, we review his complaint under the Fourteenth Amendment only.[1]

For substantially the reasons provided by the District Court, we agree with that court that the allegations in Mestre's complaint failed to state a claim under the

---

[1] We note that the constitutional protections afforded to a pretrial detainee under the Fourteenth Amendment are *greate*r than those provided by the Eighth Amendment. See Hubbard I, 399 F.3d at 167 n.23.

3

Fourteenth Amendment. Although we afforded Mestre an opportunity to identify in his appellate brief any amendments to his claims that might enable him to survive dismissal under Rule 12(b)(6), he has not identified any such amendments. Accordingly, we agree with the District Court that amendment of his complaint would be futile.

Having found no error in the District Court's dismissal of Mestre's complaint, we will affirm.